

1  KILPATRICK TOWNSEND & STOCKTON LLP
   DENNIS L. WILSON (State Bar No. 155407)
2  DWilson@kilpatricktownsend.com
   CHRISTOPHER T. VARAS (State Bar No. 257080)
3  CVaras@kilpatricktownsend.com
   9720 Wilshire Blvd PH
4  Beverly Hills, CA 90212-2018
   Telephone: 310-248-3830
5  Facsimile: 310-860-0363

6  Attorneys for Plaintiff
   ZYNGA INC.

7



FILED
JUL 30 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FILED BY FAX**

8              UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                  SAN FRANCISCO DIVISION

CV 13 3517

| | |
|---|---|
| ZYNGA INC., a Delaware Corporation, | **COMPLAINT FOR:** |
| Plaintiff, | (1) **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);** |
| v. | (2) **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(A);** |
| BANG WITH FRIENDS, INC., a Delaware Corporation, and DOES 1-5, inclusive, | (3) **FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A);** |
| Defendants. | (4) **FEDERAL DILUTION UNDER 15 U.S.C. § 1125(C);** |
| | (5) **VIOLATION OF CAL. BUS. & PROF. CODE § 17200;** |
| | (6) **STATE COMMON LAW TRADEMARK INFRINGEMENT; AND** |
| | (7) **COMMON LAW PASSING OFF AND UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Zynga Inc. ("Zynga") brings this Complaint against Defendant Bang With Friends, Inc. ("Bang With Friends") and Does 1-5, for injunctive relief and damages under the laws of the United States and the State of California.

## NATURE OF THE CASE

1. This is a case about illegal free riding on recognized and valuable intellectual property rights. The "WITH FRIENDS" brand is strong and has been associated with one company – Zynga. Now defendant Bang With Friends has entered the market unlawfully using Zynga's WITH FRIENDS brand with the offering of a service for casual sex ("Bang With Friends"). Defendant's principals have admitted their goal was to make their product "as objectionable as possible." They even concealed their identities because, as one of the principals explained, the service is "a little raunchy." With the disclosure of Defendant's intentions to continue – and expand – its acts of infringement, Zynga brings this lawsuit to protect its hard-earned intellectual property rights from Defendant's opportunistic exploitation of Zynga's famous family of WITH FRIENDS trademarks.

2. Plaintiff Zynga is the creator of beloved social games played by millions of people over the Internet on their computers and mobile devices. Zynga has created, invested in, and owns valuable brands and marks associated with its popular games. Among them are Zynga's WITH FRIENDS family of games, including WORDS WITH FRIENDS®, SCRAMBLE WITH FRIENDS®, HANGING WITH FRIENDS®, CHESS WITH FRIENDS®, MATCHING WITH FRIENDS™, GEMS WITH FRIENDS™, and RUNNING WITH FRIENDS™. Zynga's WITH FRIENDS marks are recognized both by the United States Patent and Trademark Office and by consumers.

3. Defendant Bang With Friends, Inc. is the maker of an Internet application (or "app") also named "Bang With Friends" that is used to connect people for casual sex. Based on public reports, the app was created by three twenty-something men over the course of a night and with the help of "a lot of Red Bull and Vodka." When it came to naming, they did not select from the universe of available unique names. Upon information and belief, they instead named the product "Bang With Friends" – incorporating Zynga's WITH FRIENDS mark in its entirety – to leverage

COMPLAINT

and deliberately trade on the fame of Zynga's WITH FRIENDS family of marks in order to get noticed quickly in the sea of Internet applications.

4. Defendant's violation of Zynga's rights has had its intended effect. Defendant's "Bang With Friends" app caught a free ride on the coattails of Zynga's famed WITH FRIENDS family of marks and gained notoriety while simultaneously causing consumer confusion and falsely associating the "Bang With Friends" app with Zynga. For example, one media outlet introduced it with the lead:

**"Words with Friends, Scramble with Friends and now, *Bang with Friends?*"**

Forbes.com even went so far as to describe the "Bang With Friends" app as

**"like Words With Friends, without the letter tiles and clothes."**

5. Zynga therefore brings this action to remedy and prevent further harm caused by Defendant's willful infringement and dilution of its rights due to the adult-oriented "Bang With Friends" app. This is an action for violation of the federal Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c); violation of the California statutory law of unfair competition, California Business and Professions Code § 17200; and California common law trademark infringement, passing off and unfair competition. Zynga seeks findings of infringement and injunctive, compensatory and punitive relief.

## THE PARTIES

6. Plaintiff Zynga is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in San Francisco, California.

7. Zynga is informed and believes, and on that basis alleges, that Defendant is a Delaware corporation doing business as Bang With Friends (www.bangwithfriends.com) with a corporate office at the address 1 Hallidie Plaza, 2nd Floor, San Francisco, CA 94102 and/or one or more other addresses in or near San Francisco, California.

8. Zynga is currently unaware of the identities of defendants Does 1-5 and therefore sues such defendants by such fictitious acronyms. Zynga is informed and believes that discovery will reveal the true identities of these defendants. Zynga will amend this Complaint to identify these defendants by name after their identities are discovered.

9. Zynga is informed and believes and on that basis alleges that the actions alleged herein to have been undertaken by Defendant were undertaken by Defendant and each and every one of the Doe defendants individually, were actions that each of them caused to occur, were actions that each of them authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each of them assisted, participated or otherwise encouraged, and are actions for which each of them is liable. Zynga is further informed and believes and on that basis alleges that Defendant and each of the Doe defendants aided and abetted the actions set forth below in that each of them had knowledge of those actions, provided assistance and benefitted from those actions in whole or in part, acted at all times as the agent of the others, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the others.

## JURISDICTION AND VENUE

10. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114 and 1125, as well as state unfair competition law and the common law of trademark infringement, passing off and unfair competition. This Court has jurisdiction of the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. §§ 1367(a) and 1338(b), those claims being joined with a substantial and related claim under the Trademark Laws of the United States and so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11. Zynga is informed and believes and on that basis alleges that this Court has personal jurisdiction over Defendant, which resides in this District and has directed tortious acts at Zynga in this District, and has committed tortious acts that it knew or should have known would cause injury to Zynga in this District.

12. Defendant's contacts with this District are numerous and substantial. Upon information and belief, Defendant conducts business operations within this District at 1 Hallidie Plaza, 2nd Floor, San Francisco, CA 94102. Upon information and belief, Defendant's principals are based in and/or conduct business for Defendant in this District.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b).

## INTRADISTRICT ASSIGNMENT

14. This being an Intellectual Property Action, the Court's Assignment Plan provides for assignment of this Action on a district-wide basis. To the extent this Action may be deemed to have arisen in a particular county within this District, that county is San Francisco County on the grounds that a substantial part of the events or omissions which give rise to Zynga's claims occurred in San Francisco County, where Zynga is located.

## FACTUAL ALLEGATIONS

### Zynga Is the Creator of Leading Social Games

15. Zynga is a leader in social gaming – games that people can play together over the Internet – and its games are among the most popular Internet and mobile applications. Zynga's games are available to consumers through various platforms, including Facebook, the Apple iTunes store (available on Apple's iPhone and iPad products through the iOS mobile operating system), and Google Play (available through the Android mobile operating system).

16. Since its founding in 2007, Zynga has created and published some of the world's most successful social games, including its famous WITH FRIENDS family of games.

### Zynga's Valuable WITH FRIENDS Games and Family of Marks

17. Zynga's WITH FRIENDS games are among the most popular web-based and mobile games in the world. For example, the WORDS WITH FRIENDS® and SCRAMBLE WITH FRIENDS® games have been downloaded tens of millions of times, including on the Apple and Android platforms, which has resulted in millions of dollars of revenue.

18. As of January 2013 – prior to the launch of Defendant's application offered under the infringing and diluting mark – the WITH FRIENDS family of games and marks included WORDS WITH FRIENDS®, SCRAMBLE WITH FRIENDS®, HANGING WITH FRIENDS®, CHESS WITH FRIENDS®, GAMES WITH FRIENDS®, MATCHING WITH FRIENDS™, GEMS WITH FRIENDS™ and RUNNING WITH FRIENDS™.

19. During all times relevant to this lawsuit, Zynga has promoted the WITH FRIENDS family of games together as a family, identified by the distinctive and famous WITH FRIENDS

- 4 - COMPLAINT

suffix. Among other things, Zynga has advertised the WITH FRIENDS family of games on Zynga.com, ZyngaWithFriends.com, and on Facebook, and also has promoted the WITH FRIENDS family of games to millions of potential consumers through advertisements and promotions. Third-party websites and news outlets also have recognized the WITH FRIENDS family of games as originating solely from Zynga. As a result of Zynga's extensive marketing efforts and the unmatched success of its WITH FRIENDS family of games, among other reasons, Facebook users and other users of online and mobile social games and services have come immediately to associate the distinctive WITH FRIENDS suffix with Zynga.

20. Zynga is the owner of numerous United States Federal Trademark Registrations that include or consist of the term WITH FRIENDS. Zynga's rights in these registrations, including those shown below, all predate Defendant's use of "Bang With Friends":

| Mark | Reg. No. | Filing Date | Registration Date |
|---|---|---|---|
| WITH FRIENDS | 4354444 | April 15, 2011 | June 18, 2013 |
| (WITH FRIENDS & Design) | 4348666 | January 12, 2011 | June 11, 2013 |
| WORDS WITH FRIENDS | 3924543 | September 4, 2009 | March 1, 2011 |
| WORDS WITH FRIENDS | 4348670 | January 21, 2011 | June 11, 2013 |
| (WORDS WITH FRIENDS & Design) | 4348668 | January 12, 2011 | June 11, 2013 |
| SCRAMBLE WITH FRIENDS | 4161430 | January 5, 2012 | June 19, 2012 |
| HANGING WITH FRIENDS | 4211214 | June 23, 2011 | September 18, 2012 |
| (HANGING WITH FRIENDS & Design) | 4207352 | June 23, 2011 | September 11, 2012 |
| CHESS WITH FRIENDS | 3704619 | February 9, 2009 | November 3, 2009 |

| | | | |
|---|---|---|---|
| CHESS with friends (CHESS WITH FRIENDS & Design) | 4348667 | January 12, 2011 | June 11, 2013 |
| GAMES WITH FRIENDS | 3704620 | February 9, 2009 | November 3, 2009 |

Copies of Zynga's registrations are attached as **Exhibit A**, along with printouts from the Trademark Office's electronic database showing the current status and title of these registrations.

21. Zynga also is the owner of numerous United States Federal Trademark Applications that include or consist of the term WITH FRIENDS. Zynga's rights in these applications, including but not limited to those shown below, all predate Defendant's use of "Bang With Friends":

| Mark | Ser. No. | Filing Date |
|---|---|---|
| MATCHING WITH FRIENDS | 85648957 | June 11, 2012 |
| MATCHING WITH FRIENDS | 85645173 | June 6, 2012 |
| GEMS WITH FRIENDS | 85700949 | August 10, 2012 |
| GEMS WITH FRIENDS | 85720965 | September 5, 2012 |
| RUNNING WITH FRIENDS | 85829443 | January 22, 2013 |
| RUNNING WITH FRIENDS | 85837003 | January 30, 2013 (with trademark priority of November 1, 2012) |

Copies of Zynga's applications are attached as **Exhibit B**, along with printouts from the Trademark Office's electronic database showing the current status and title of these applications. The registrations and applications listed in Paragraphs 20 and 21 are collectively referred to herein as the "WITH FRIENDS Marks."

22. In addition to the WITH FRIENDS Marks noted above, the WITH FRIENDS suffix acquired distinctiveness within the market for Internet apps as an indicator of source prior to any use in commerce of "Bang With Friends" by Defendant. The aforementioned family of marks that has obtained this acquired distinctiveness, each mark of which consists of or incorporates the term WITH FRIENDS, shall hereinafter be called the "WITH FRIENDS Family of Marks."

### Zynga's Efforts to Prevent the Unauthorized Uses of WITH FRIENDS Marks

23. Zynga's games compete on websites and mobile platforms with hundreds of social games and other apps. Unfortunately, following and based on the success of Zynga's WITH FRIENDS family of games, a number of entities have attempted to adopt names that combine (1) a word that connotes the particular app's theme, with (2) Zynga's distinctive and famous WITH FRIENDS suffix. Such entities thereby seek to use names that will confuse consumers, trade off of Zynga's popularity, and exploit the goodwill Zynga has developed in the WITH FRIENDS Family of Marks.

24. Zynga has diligently policed its rights in the WITH FRIENDS Family of Marks against such would-be infringers, including through the use of cease-and-desist letters, by instituting opposition proceedings with the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board, by direct outreach to the infringers, and through other means.

25. Notably, the USPTO itself has rejected multiple third parties' efforts to register marks using the WITH FRIENDS suffix. The USPTO has concluded that, "given the similarity of the marks and relatedness of [A]pplicant's goods and services to the goods of [Zynga], confusion as to source is likely."

26. For example, the USPTO has rejected "Crosswords With Friends," "Yacht With Friends," "Fitness With Friends," "Fantasy With Friends," "More Fun With Friends," and numerous others in light of Zynga's WITH FRIENDS marks.

### Defendant's Deliberate Efforts to Trade On and Infringe
### Zynga's WITH FRIENDS Marks

27. In blatant disregard of Zynga's rights in its famous WITH FRIENDS games and marks, Defendant selected "Bang With Friends" for its sex-related social network app and adopted a sexually graphic logo to promote it.

28. According to public reports, in December 2012, over the course of a night and with the help of "a lot of Red Bull and Vodka," Defendant's principals created an Internet app for matching up Facebook social network "friends" anonymously for casual sex. On information and belief, they chose the name "Bang With Friends" – combining the slang term for sex, "bang," with

Zynga's famous and distinctive WITH FRIENDS mark – to get the app noticed. Defendant then "came up with the racy logo and decided to just go full speed ahead with making it as funny and as objectionable as possible."

29. Upon information and belief, on or about December 9, 2012, the Internet domain name <bangwithfriends.com> was registered. That domain now advertises the Facebook and mobile "Bang With Friends" app with the tagline: "anonymously find friends who are down for the night." According to the official Facebook page, the "Bang With Friends" app was launched on January 23, 2013.

30. Upon information and belief, on or about January 24, 2013, defendant Bang With Friends, Inc. was incorporated in Delaware.

31. Zynga is informed and believes, and on that basis alleges, that Defendant selected the name "Bang With Friends" for its casual sex matchmaking app with Zynga's game trademarks fully in mind.

32. Defendant was or should have been fully aware of Zynga's success and Zynga's WITH FRIENDS family of games prior to selecting the name for its casual sex matchmaking app. Indeed, upon information and belief, Defendant's co-founder Colin Hodge played one or more of Zynga's WITH FRIENDS family of games prior to the registration of the domain name <bangwithfriends.com>.

33. In fact, Defendant itself has highlighted a direct connection with Zynga's most popular WITH FRIENDS game, WORDS WITH FRIENDS®, in a Tweet it published to promote the "Bang With Friends" service on Twitter:

**"Wow. Words w/ Friends was... safer – Bang With Friends."**

34. Media outlets and the consuming public at large also have made this connection. Following are just a few of the public comments:

- **"a play on Zynga's ... Words With Friends"**
- **"[i]t's like Words With Friends, without the letter tiles and clothes"**

- "Words with Friends, Scramble with Friends and now, *Bang with Friends?*"

35. Further evidence of this association can be found on other Twitter posts:

- "new member of the Chess with Friends and Words with Friends family: Bang with friends"
- "Bang With Friends is the new Words With Friends"
- "I've played 'Words with Friends,' 'Scramble with Friends,' etc...but there's a 'Bang with Friends' FB app? Classy"

36. Zynga never authorized Defendant to use the distinctive WITH FRIENDS suffix that identifies Zynga's WITH FRIENDS family of games, nor would it authorize a game or application name – especially one related to vulgar subject matter such as Defendant's social networking application – to use it, especially where it is likely to cause consumer confusion and diminish the value of the WITH FRIENDS Family of Marks.

### Zynga Initially Sought Defendant's Compliance with the Laws Informally, But After Initially Indicating It Would Engage, Defendant Has Gone on Not Just to Continue Its Infringement, But to Expand upon It

37. Once Defendant's infringement was detected, Zynga attempted to get Defendant to cease use of Zynga's WITH FRIENDS mark through informal efforts.

38. But even trying to make contact with Defendant was not easy – as intended by Defendant. As Defendant's principals now have acknowledged publicly, they intentionally took active steps to conceal their identity because, as one explained, the service is "a little raunchy." Corporate filings were masked. Defendant did not publicly list its officers, directors or agents and instead provided an email address of "pimpin@bangwithfriends.com" for inquiries.

39. Zynga nevertheless undertook significant efforts to ferret out the identity of one of Defendant's principals. After contact was made, Zynga attempted to resolve this dispute without the need for court intervention. Defendant engaged in discussions with Zynga about changing the name from "Bang With Friends." But it now appears that either was a ploy or Defendant has reconsidered in light of recent attention showered on it.

- 9 -                                                                                                    COMPLAINT

40. Upon information and belief, at about that time, "Bang With Friends" received significant public attention, growth in users, and in May 2013, the identities of two of Defendant's co-founders were "leaked." They and others associated with Defendant then began a publicity blitz, making personal appearances, doing interviews, and otherwise promoting "Bang With Friends." Defendant also has increased its nationwide marketing efforts.

41. Despite being on clear notice of Zynga's rights and objections, and without notifying Zynga of its plans, Defendant worked toward a massive expansion into the mobile market leveraging Zynga's WITH FRIENDS mark.

42. It released two new "Bang With Friends" casual sex matchmaking apps in May 2013.

43. In the weeks since, Defendant's plan to expand its infringing activities aggressively was revealed by a person identified as a "Bang With Friends" investor. To Zynga's great surprise, this investor stated that Defendant intends

**"to go from 'Bang' to 'Hang' to 'Tennis' to 'Games' to other activities."**

44. In keeping with that strategy, Defendant recently has introduced a new "Hang" feature that immediately became known as "Hang With Friends," which is nearly identical to Zynga's registered HANGING WITH FRIENDS® mark and game.

45. With what now appears to be a full-time team to support its illicit activities, Defendant also continues to add new content features that violate Zynga's rights (including the "Drinking With Friends" feature and the "threesome feature"). In addition, Defendant continues to press forward with ambitious, sex-related advertising and marketing of "Bang With Friends," including the distribution of condoms emblazoned with its infringing name and "racy" logo at various events nationwide.

46. These actions have made clear that Defendant either was leading Zynga on in the parties' discussions and actually never intended to change its name voluntarily, or has become too enamored with the name and associated celebrity/notoriety to do so now.

47. As of the date of this filing, Defendant actively continues to promote the expanding

"Bang With Friends" service despite being on clear notice of Zynga's rights and appears determined to do so in willful defiance of Zynga's intellectual property rights until barred by legal action.

### First Cause of Action

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

48. Zynga repeats, realleges and incorporates Paragraphs 1-47 as though fully set forth in this cause of action.

49. Prior to any use in commerce of "Bang With Friends" by Defendant, the WITH FRIENDS®, WITH FRIENDS (& Design)®, WORDS WITH FRIENDS®, WORDS WITH FRIENDS (& Design)®, SCRAMBLE WITH FRIENDS®, HANGING WITH FRIENDS®, HANGING WITH FRIENDS (& Design)®, CHESS WITH FRIENDS®, CHESS WITH FRIENDS (& Design)® and GAMES WITH FRIENDS® marks (collectively, the "WITH FRIENDS® Registrations"), and each of them, were among Zynga's WITH FRIENDS Family of Marks that Zynga had used in connection with its famous social games on Facebook and other mobile and social platforms.

50. As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's WITH FRIENDS family of games generally, and each of the WITH FRIENDS® Registrations specifically, consumers immediately associated the distinctive WITH FRIENDS® Registrations with Zynga prior to any use in commerce of "Bang With Friends" by Defendant.

51. In addition to the individual WITH FRIENDS® Registrations, the WITH FRIENDS suffix has acquired distinctiveness within the market for social games as an indicator of source before any use in commerce of "Bang With Friends" by Defendant. At all times relevant to this lawsuit, consumers have immediately associated the WITH FRIENDS suffix with Zynga and its reputation for creating dynamic and high-quality social games.

52. Defendant's use in commerce of the name "Bang With Friends" in connection with an online social networking application constitutes trademark infringement of Zynga's rights in the WITH FRIENDS® Registrations, and each of them, pursuant to 15 U.S.C. § 1114(1).

53. Defendant's use in commerce of "Bang With Friends" is likely to cause confusion,

or to cause mistake, or to deceive consumers, who are likely to believe erroneously that "Bang With Friends" originates from the same source as Zynga's WITH FRIENDS family of games, including without limitation, those games offered under the WITH FRIENDS® Registrations, or is otherwise affiliated, connected, or associated with Zynga, or sponsored or approved by Zynga, when in fact it is not.

54. Defendant has knowingly and willfully infringed Zynga's trademark rights by deliberately exploiting the substantial goodwill associated with Zynga's WITH FRIENDS family of games, including without limitation, those games offered under the WITH FRIENDS® Registrations. Zynga is informed and believes, and on that basis alleges, that Defendant selected the name "Bang With Friends" with the express intent to cause confusion and to deceive consumers into believing that "Bang With Friends" is one of, or otherwise associated with, Zynga's WITH FRIENDS family of games, including those games or services offered under the WITH FRIENDS® Registrations.

55. Zynga has no adequate remedy at law. Defendant's conduct as alleged herein has caused, and if not enjoined will continue to cause, irreparable harm to Zynga's rights in its WITH FRIENDS family of games generally, and in particular in each of its WITH FRIENDS® Registrations, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

## Second Cause of Action

### (Federal Trademark Infringement – 15 U.S.C. § 1125(a))

56. Zynga repeats, realleges and incorporates Paragraphs 1-55 as though fully set forth in this cause of action.

57. Prior to any use in commerce of "Bang With Friends" by Defendant, the WITH FRIENDS®, WITH FRIENDS (& Design)®, WORDS WITH FRIENDS®, WORDS WITH FRIENDS (& Design)®, SCRAMBLE WITH FRIENDS®, HANGING WITH FRIENDS®, HANGING WITH FRIENDS (& Design)®, CHESS WITH FRIENDS®, CHESS WITH FRIENDS (& Design)®, GAMES WITH FRIENDS®, MATCHING WITH FRIENDS™, GEMS WITH FRIENDS™, and RUNNING WITH FRIENDS™ marks (collectively the "WITH FRIENDS

Marks"), and each of them, were among Zynga's WITH FRIENDS Family of Marks, which Zynga has used or intends to use in connection with its famous social games on Facebook and mobile platforms.

58. As a result of Zynga's substantial marketing and promotional efforts and the tremendous success of Zynga's WITH FRIENDS family of games generally, and each of the games and services offered under the WITH FRIENDS Marks specifically, consumers immediately associate the distinctive WITH FRIENDS Marks with Zynga prior to any use in commerce of "Bang With Friends" by Defendant.

59. In addition to the individual WITH FRIENDS Marks, the WITH FRIENDS Family of Marks has acquired distinctiveness within the market for social networking games as an indicator of source prior to any use in commerce of "Bang With Friends" by Defendant. At all times relevant to this lawsuit, consumers immediately have associated the distinctive WITH FRIENDS Marks and/or the WITH FRIENDS Family of Marks with Zynga and its reputation for creating dynamic and high-quality social games.

60. Defendant's use in commerce of the name "Bang With Friends" in connection with an online social networking application constitutes trademark infringement of Zynga's rights in the WITH FRIENDS Family of Marks, as well as Zynga's rights in the each of the WITH FRIENDS Marks, and unfair competition pursuant to 15 U.S.C. § 1125(a).

61. Defendant's use in commerce of "Bang With Friends" is likely to cause confusion, or to cause mistake, or to deceive consumers, who are likely to believe erroneously that "Bang With Friends" originates from the same source as Zynga's WITH FRIENDS family of games, including without limitation the games and services offered under the WITH FRIENDS Family of Marks and/or the specific WITH FRIENDS Marks, or is otherwise affiliated, connected, or associated with Zynga, or sponsored or approved by Zynga, when in fact it is not.

62. Defendant has knowingly and willfully infringed Zynga's trademark rights by deliberately exploiting the substantial goodwill associated with Zynga's WITH FRIENDS Family of Marks, and with each of its WITH FRIENDS Marks. Zynga is informed and believes and on that basis alleges that Defendant selected the name "Bang With Friends" with the express intent to cause

confusion and to deceive consumers into believing that "Bang With Friends" is one of, or otherwise associated with, Zynga's WITH FRIENDS family of games, including those games or services offered under the WITH FRIENDS Family of Marks and/or the specific WITH FRIENDS Marks.

63. Zynga has no adequate remedy at law. Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga's rights in the WITH FRIENDS Family of Marks, as well as its rights in each of the WITH FRIENDS Marks, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

### Third Cause of Action

### (Federal False Designation of Origin – 15 U.S.C. § 1125(a))

64. Zynga repeats, realleges and incorporates Paragraphs 1-63 as though fully set forth in this cause of action.

65. Zynga owns the trademark rights in the distinctive WITH FRIENDS Family of Marks for use in connection with social networking games, including without limitation each of the WITH FRIENDS Marks.

66. As a result of Zynga's substantial marketing and promotional efforts, as well as the tremendous success of Zynga's WITH FRIENDS family of games, the WITH FRIENDS suffix has acquired distinctiveness within the market for social games as an indicator of source prior to any use in commerce of "Bang With Friends" by Defendant. At all times relevant to this lawsuit, consumers have immediately associated the distinctive WITH FRIENDS suffix with Zynga and its reputation for creating dynamic and high quality social networking games.

67. Consumers who come across "Bang With Friends" are likely to believe, erroneously, that "Bang With Friends" is another new addition to, or is otherwise affiliated with, Zynga's WITH FRIENDS family of games, including those games or services offered under the WITH FRIENDS Family of Marks and/or the specific WITH FRIENDS Marks.

68. Defendant's use in commerce of the suffix WITH FRIENDS in connection with an online social networking application constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a).

69. Defendant's use in commerce of "Bang With Friends" is likely to cause confusion, or to cause mistake or to deceive consumers into believing that Defendant's "Bang With Friends" app originates from the same source as Zynga's WITH FRIENDS family of games, including without limitation the games and services offered under the WITH FRIENDS Family of Marks and/or the specific WITH FRIENDS Marks, or is otherwise affiliated, connected, or associated with Zynga, or sponsored or approved by Zynga, when in fact it is not.

70. Defendant has knowingly and willfully infringed Zynga's trademark rights by deliberately exploiting the substantial goodwill associated with Zynga's WITH FRIENDS Family of Marks, as well as the goodwill associated with each of the WITH FRIENDS Marks, and each of them. Zynga is informed and believes that Defendant selected the name "Bang With Friends" with the express intent to cause confusion and to deceive users of social games and services into believing that "Bang With Friends" is one of, or otherwise associated with, Zynga's WITH FRIENDS family of games, including those games or services offered under the WITH FRIENDS Family of Marks and/or the specific WITH FRIENDS Marks.

71. Zynga has no adequate remedy at law. Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga's rights in its WITH FRIENDS Family of Marks, as well as its rights in each of its WITH FRIENDS Marks, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

### Fourth Cause of Action

### (Federal Dilution – 15 U.S.C. § 1125(c))

72. Zynga repeats, realleges and incorporates Paragraphs 1-71 as though fully set forth in this cause of action.

73. Zynga owns the trademark rights in the distinctive WITH FRIENDS Family of Marks, which include the WITH FRIENDS Marks, each of which is used in connection with social networking games and related goods and services.

74. Zynga's WITH FRIENDS Family of Marks is famous in that it is widely recognized by the general consuming public of the United States as a designation of Zynga's goods and

services. Zynga's WITH FRIENDS Family of Marks became famous throughout the United States prior to any use in commerce of the name "Bang With Friends" by Defendant.

75. Furthermore, Zynga's WORDS WITH FRIENDS® and WORDS WITH FRIENDS (& Design)® marks (collectively, the "WORDS WITH FRIENDS® Marks"), and SCRAMBLE WITH FRIENDS® mark independently are famous in that they are widely recognized by the general consuming public of the United States as a designation of Zynga's goods and services. Zynga's WORDS WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark became famous throughout the United States prior to any use in commerce of the name "Bang With Friends" by Defendant.

76. Defendant's use in commerce of the name "Bang With Friends" in connection with an online social networking application is likely to dilute the famous WITH FRIENDS Family of Marks and/or the famous WORDS WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark, both by impairing the distinctiveness of and tarnishing these famous marks, in violation of 15 U.S.C. § 1125(c).

77. The similarity between Defendant's "Bang With Friends" mark and Zynga's famous WITH FRIENDS Family of Marks and/or the famous WORDS WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark gives rise to an association between the parties' respective marks that is likely to impair the distinctiveness of and tarnish the famous WITH FRIENDS Family of Marks and/or the famous WORDS WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark.

78. Defendant has knowingly and willfully sought to dilute Zynga's famous WITH FRIENDS Family of Marks and/or the famous WORDS WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark. Zynga is informed and believes that Defendant selected the name "Bang With Friends" with the express intent to associate "Bang With Friends" with Zynga's famous WITH FRIENDS Family of Marks and/or the famous WORDS WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark in the minds of consumers.

79. Zynga has no adequate remedy at law. Defendant's conduct as alleged herein has caused and if not enjoined will continue to cause irreparable harm to Zynga's rights in its WORDS

WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark, and to its business reputation and goodwill, as well as damages in an amount that cannot be accurately computed at this time but will be proven at trial.

### Fifth Cause of Action

### (California Statutory Unfair Competition -

### California Business and Professions Code § 17200, *et seq.*)

80. Zynga repeats, realleges and incorporates Paragraphs 1-79 as though fully set forth in this cause of action.

81. Defendant's use in commerce of the name "Bang With Friends" in connection with an online social networking application violates Zynga's rights in the WITH FRIENDS Family of Marks, as well each of the WITH FRIENDS Marks, and is a deliberate, willful, intentional and wrongful attempt to trade on Zynga's goodwill, reputation and financial investments in the WITH FRIENDS Family of Marks, as well each of the WITH FRIENDS Marks.

82. By reason of Defendant's conduct as alleged herein, Defendant has engaged in unlawful, unfair and/or fraudulent ongoing business practices in violation of California Business & Professions Code § 17200.

83. As a direct result of Defendant's unfair competition with regard to the WITH FRIENDS Family of Marks, as well each of the WITH FRIENDS Marks, Defendant has unlawfully acquired, and continues to acquire on an ongoing basis, an unfair competitive advantage and has engaged in, and continues to engage in, wrongful business conduct to Defendant's monetary advantage and to the detriment of Zynga.

84. Defendant's conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge and in conscious disregard of Zynga's rights.

85. Defendant's illegal and unfair business practices are continuing, and injunctive relief pursuant to California Business and Professions Code § 17203 is necessary to prevent and restrain further violations by Defendant.

86. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial

and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## Sixth Cause of Action

### (Common Law Trademark Infringement of the Marks)

87. Zynga repeats, realleges and incorporates Paragraphs 1-86 as though fully set forth in this cause of action.

88. Defendant's use in commerce of the name "Bang With Friends" in connection with an online social networking application violates Zynga's rights in the WITH FRIENDS Family of Marks, as well each of the WITH FRIENDS Marks, constitutes trademark infringement and is likely to cause confusion, deception and mistake among the consuming public and trade as to the source of, and authorization for the "Bang With Friends" app sold and/or advertised by Defendant in violation of the common law of the State of California.

89. Defendant's conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge and in conscious disregard of Zynga's rights.

90. As well as harming the public, Defendant's conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

91. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## Seventh Cause of Action

### (California Common Law Passing Off and Unfair Competition)

92. Zynga repeats, realleges and incorporates Paragraphs 1-91 as though fully set forth in this cause of action.

93. By virtue of its conduct as alleged herein, Defendant has engaged and is engaging in unfair competition and passing off under the common law of the State of California.

94. As well as harming the public, Defendant's conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is

also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

95. Defendant's actions were undertaken intentionally to obtain an unfair advantage over Zynga and in conscious disregard of Zynga's rights, and were malicious, oppressive and/or fraudulent. Zynga requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendant and to make an example of it.

96. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## PRAYER FOR RELIEF

Wherefore, Zynga prays for judgment as follows:

A. That the Court enter a finding that use by Defendant of the name "Bang With Friends" infringes Zynga's rights in the WITH FRIENDS Family of Marks, as well as its rights in the WITH FRIENDS®, WITH FRIENDS (& Design)®, WORDS WITH FRIENDS®, WORDS WITH FRIENDS (& Design)®, SCRAMBLE WITH FRIENDS®, HANGING WITH FRIENDS®, HANGING WITH FRIENDS (& Design)®, CHESS WITH FRIENDS®, CHESS WITH FRIENDS (& Design)®, GAMES WITH FRIENDS®, MATCHING WITH FRIENDS™, GEMS WITH FRIENDS™, and RUNNING WITH FRIENDS™ marks, and each of them;

B. That the Court enter a finding that use by Defendant of the name "Bang With Friends" is likely to cause dilution of Zynga's famous WITH FRIENDS Family of Marks and famous WORDS WITH FRIENDS® Marks and SCRAMBLE WITH FRIENDS® mark by blurring and by tarnishment;

C. That the Court enter a preliminary injunction and a permanent injunction prohibiting Defendant, as well as its officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations or other entities acting in concert or participation with Defendant from:

i. Using the name "Bang With Friends" in connection with any social networking applications in California and throughout the United States;